UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| PATTERSON MIMS AND VERA MIMS, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) ) ) |
| 84 LUMBER COMPANY, et al., | ) ) |
| Defendants. | ) |

CASE No.: 1:13-cv-00298-SLR-CJB

_____

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT**

**I. INTRODUCTION**

This Delaware state court tort action was removed to federal court on February 22, 2013 by defendant Foster Wheeler Energy Corporation ("Foster Wheeler"), and defendant CBS Corporation (collectively "defendants"), joined in the removal that same day. The purported basis for removal is Federal Officer jurisdiction pursuant to 28 U.S.C. §1442(a)(1). As Foster Wheeler and CBS Corporation filed its Notice of Removal more than 30 days after being served with Plaintiffs' Summons and Complaint in August 2012, and/or Plaintiffs Response to Standard Interrogatories on January 8, 2013, which were both papers from which removability may first be ascertained pursuant to 28 USC §1446(b)(3), it is untimely and the action must be remanded back to Delaware state court.

1

## II. FACTUAL BACKGROUND

Plaintiff filed this action in the Supreme Court of Delaware, New Castle County, on July 13, 2012. In his complaint, plaintiff Paterson Mims alleges that he was exposed to and inhaled asbestos fibers emanating from certain products defectively designed, manufactured and distributed by defendants including Foster Wheeler and CBS Corporation during his employment. (Exhibit A to the Declaration of Kara Hager, Complaint, ¶¶93–97) In Plaintiff's complaint, Mr. Mims sets forth information regarding his claim of exposure to asbestos while serving in the United States Air Force from 1966 to 1994, at the United States Naval Shipyard in Charleston as a pipefitter. (Exhibit A to the Declaration of Kara Hager, Complaint, ¶93) Additionally, plaintiff alleges exposure to asbestos from personal construction work over the period 1959 to 1961. (Exhibit A to the Declaration of Kara Hager, Complaint, ¶93).

Foster Wheeler was served with Plaintiffs' Summons and Complaint on August 29, 2012. (Exhibit B to the Declaration of Kara Hager) The Plaintiffs' Complaint was the first paper putting Foster Wheeler on notice of plaintiffs' allegations that it was being sued for its manufacture and sale of products used by plaintiff while in the U.S. Air Force and at the US Naval Shipyard in Charleston.

Similarly, CBS Corporation was served with Plaintiffs' Summons and Complaint on August 30, 2012. (Exhibit F to the Declaration of Kara Hager) The Plaintiffs' Complaint was the first paper putting CBS Corporation on notice of plaintiffs' allegations that it was being sued for its manufacture and sale of products used by plaintiff while in the U.S. Air Force and at the US Naval Shipyard in Charleston.

Thereafter, Foster Wheeler filed its Notice of Removal of this action on February 22, 2013, (Exhibit C to the Declaration of Kara Hager) over thirty (30) days after it was served with Plaintiffs' Summons and Complaint. CBS Corporation joined in Foster Wheelers removal, that same day, on February 22, 2013 (Exhibit E to the Declaration of Kara Hager). Defendants argue that their Notice of Removal was nevertheless timely, within the thirty (30) day period to file its Notice, because the Deposition of Patterson Mims on January 23, 2013 first alerted Foster Wheeler and CBS Corporation that the action was removable, and not Plaintiffs' complaint, which Foster Wheeler received on August 29, 2012, and CBS Corporation received on August 30, 2012. Foster Wheeler argues that Plaintiffs' complaint did not contain any specific allegations regarding Mr. Mims' alleged exposure so as to put it on notice of removability while the deposition testimony did. (Exhibit C to the Declaration of Kara Hager).

However, since Foster Wheeler and CBS Corporation was previously served with Plaintiffs' Summons and Complaint, and Plaintiffs Responses to Standard Interrogatories, which provide the specific factual basis for the allegations regarding the places of employment where he was exposed to asbestos as a result of Foster Wheeler and CBS Corporation's manufacture and sale of products, specifically identifying while in the United States Air Force and the US Naval Shipyard at Charleston, Foster Wheeler and CBS Corporation were on notice of the removability of this action well before Plaintiff Mr. Mims' deposition was taken. Plaintiffs' complaint, and not the Plaintiff's deposition testimony, was the first paper alerting Foster Wheeler and CBS Corporation of

removability. Alternatively, Plaintiffs response to standard interrogatories served on January 8th, 2013 alerted defendants of removability. Thus their removal more than 30 days after service with same is untimely.

### III. ARGUMENT

### DEFENDANTS' NOTICE OF REMOVAL IS UNTIMELY

On a motion to remand, the party seeking removal and opposing remand bears the burden of establishing the court's jurisdiction. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). District Courts are required to resolve all doubts about federal jurisdiction in favor of remand. *Id.*

Under 28 U.S.C.A. § 1446, Foster Wheeler's removal of this action is improper because it failed to timely file a notice of removal. Section 1446(b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

While a defendant need not scrutinize the initial pleading to ascertain removability, a defendant may be, nevertheless, put on notice of grounds for removal, even if the plaintiff's complaint is "vague." *See Scott v. Greiner*, 858 F.Supp. 607, 610 (S.D.W.Va. 1994); *see also Tolley v. Monsanto Co.*, 591 F.Supp.2d 837, 849 (S.D.W.Va. 2008) ("At worst the Complaint was 'vague' about the specific activity causing the emissions. But even so, it provided at least some 'clue' that the plaintiffs were asserting claims based on production . . . [removable] under 28 U.S.C. § 1442.").

The federal removal statute is clear that notice of removal must be filed within thirty (30) days of service of a complaint or other paper that puts the defendant on notice that the action is removable. 28 U.S.C. § 1446. Foster Wheeler and CBS Corporation actually relies upon this law in asserting that its removal was timely based upon the January 23 deposition of Mr. Mims as the "other paper" after it was served with Plaintiffs' complaint.

What Defendants forget to acknowledge is that before Plaintiff Mims' deposition, they had already been served with Plaintiffs' Summons and Complaint and that this paper set the forth factual information that Plaintiff was serving in the Air Force and at the US Naval Shipyard in Charleston, when he was exposed to defendants' products.  Indeed, it is this very same information about where the exposure took place that Foster Wheeler and CBS Corporation relies upon for its basis for removal under the Federal Officer statute. Indeed, its defendant's conduct in following precise military specification for the design of its products purchased by the Air Force and the US Navy that give rises to defendants' argument that they has a viable government contractor defense which is the basis for its removal.  The fact that the same information was later repeated in Mr. Mims' deposition does not change the fact that Foster Wheeler  and CBS Corporation was previously provided with the information.

It is undisputed that the Complaint was served on Foster Wheeler on August 29, 2012, that the Complaint was served on CBS Corporation on August 30, 2012, that the Plaintiffs' Standard Interrogatories were served upon defendants on January 8, 2013, and that both documents put defendants on notice of removability at that time.  Thus, its time

5

to remove expired 30 days later on September 28, 2012 or February 8, 2013. Defendants however, untimely removed on February 22, 2013.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully request that this matter be remanded to the Supreme Court of Delaware, New Castle County, for further proceedings.

DATED: March 19, 2013                    NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP

                                         By: /s/ Kara A. Hager
                                             Kara A. Hager, Esq.,
                                             DE Bar ID No. 4098
                                             1000 N. West Street, Suite 1244
                                             Wilmington, DE 19801
                                             Telephone: (302) 300-4625
                                             khager@napolibern.com