## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

PATTERSON G. MIMS and VERA A. )
MIMS, )
          )
         Plaintiffs, )
          )
       v. ) Civ. No. 13-298-SLR/CJB
          )
FOSTER WHEELER ENERGY )
CORPORATION, et al., )
          )
         Defendants. )

### MEMORANDUM AND ORDER

At Wilmington this 12th day of December, 2013, having reviewed the Report &

Recommendation issued by Magistrate Judge Christopher J. Burke on September 6,

2013, and the objections filed thereto by defendant Foster Wheeler Energy Corporation

("defendant"); the court affirms Judge Burke's decision based on the following

reasoning:

1. In order to remove a state court action to federal court pursuant to the federal

officer removal statute, 28 U.S.C. § 1442(a)(1), a defendant must satisfy both the

substantive and procedural requirements of the statute. With respect to the former, a

defendant must establish four substantive elements: (1) defendant is a person as

defined in the statute; (2) it acted under the direction of a federal officer or agency; (3) it

has a colorable federal defense; and (4) there is a causal nexus between the federal

direction and the conduct at issue. With respect to the latter requirement, a defendant

Case 1:13-cv-00298-SLR-CJB   Document 226   Filed 12/12/13   Page 2 of 4 PageID #: 1559

must timely remove the case by filing a notice of removal within thirty days after the

receipt of the initial pleading, or removing within thirty days after receiving an amended

pleading, motion, order or other paper from which removeability is ascertainable. 28

U.S.C. § 1446(b). In this case, defendant removed the case after the deposition of

plaintiff Patterson Mims was taken. Plaintiffs moved to remand on the grounds that the

removal was untimely; Magistrate Judge Burke agreed.

2. It is defendant's burden to establish the timeliness of removal; i.e., a

defendant has to sufficiently explain why it is that removability could only be ascertained

at the time of removal. *See, e.g., Scearce v. 3M Co.*, Civ. No. 12-6676, 2013 WL

2156060 (D.N.J. May 16, 2013). Although the court agrees with defendant that removal

clearly would have been inappropriate based on the allegations contained in the

complaint,[1] the court finds that the information added by the deposition likewise is

inadequate to justify removal.[2] More specifically, and despite defendant's explanation

---

[1]In the complaint, plaintiffs allege no more than that Mr. Mims worked as a pipefitter at the Charleston Naval Shipyard in Charleston, South Carolina, from 1966 to 1994, and that he was exposed to asbestos-containing products and equipment, including boilers, during the time period of 1959 to 1994. (D.I. 1, ¶¶ 93-97) The "Work History Sheet" appended to plaintiffs' interrogatories indicates that his work on "boilers" was confined to the Charleston Naval Shipyard. (D.I. 46, ex. D)

[2]Defendant cites to the following excerpt from plaintiff's deposition in support of its removal:

Q: Do you ever see any Foster Wheeler boilers being worked on out at the Charleston Naval Shipyard when you were out there?

A: Same period of time, '67, '68, '69, '70 . . . .

Q: Did you see the same type of work being done on the Foster Wheeler boilers as you talked about on the York [boilers]?

2

in its objections,[3] it is not apparent from the record provided by defendant that plaintiff

Patterson Mims worked on "Foster Wheeler naval marine boilers," let alone on such

boilers aboard any navy ships.[4]  To put the point another way, the allegations from the

complaint, and the information gleaned from plaintiffs' interrogatory responses and

deposition, are all similarly inadequate to demonstrate that the work plaintiff performed

on defendant's products at the Charleston Naval Shipyard was directed by a federal

officer.  Defendant's post-hoc explanation,[5] without recitation to the record, not only

frustrates the purpose of having a Magistrate Judge assigned to the case, but still

leaves the court with nothing but argument upon which to base its decision.

_____

> A: Yes.  They take the . . . manholes, you know.  Take piping loose,
> take all your steam piping loose on it.  Take all the lagging off of it, all the
> the insulation off of it.

(D.I. 66, ex. 5 at 135-136)

[3]*See* D.I. 192 at 7, an explanation never provided to Magistrate Judge Burke in defendant's original papers.

[4]The court understands that the reference in the deposition is to "York" boilers, York International Corp. being another defendant in the case, as opposed to "York" being the name of a ship.

[5]In its objections, defendant argues:

> However, perhaps unclear in Foster Wheeler's Opposition, a key
> piece of information obtained at Mr. Mims's deposition, that was
> absent from the Complaint/Responses, was that Mr. Mims was
> alleging exposures to **Foster Wheeler naval marine boilers**, and
> not some other piece of equipment, or land-based boiler.  At that
> point, at least for purposes of determining proper removal, the identity
> of the specific ship(s), while helpful, becomes irrelevant.

(D.I. 192 at 7)

3

3. For these reasons, the court concludes that defendant's objections should be overruled and the Report and Recommendation adopted.  An order shall issue.

United States District Judge

4